# SUPREME COURT.

## Joshua Wadley and others, appellants, agt. Joseph Davis, respondent.

*The defendant, in his notice of appeal to the county court, alleged that the judgment of the justice for $169 25 damages and $8 05 costs against him, should have been more favorable to him in the following respects:*

*1. It should have been in his favor, and against the plaintiffs, for $200.*

*2. It should have been in his favor, and against the plaintiffs, for damages and costs.*

*3. It should have been for a less sum, to wit, for only $50 against appellant.*

*4. It should have been for a less sum, to wit, for only $75.*

*On the trial before a referee in the county court, the plaintiffs recovered judgment for $155 27 damages, or $13 98 less than the recovery before the justice.*

*Held, that the plaintiffs were entitled to costs.*

*This court has decided at the present term, in the case of Moran agt. McClearns (ante, p. 77), and in Colvert agt. Hall (ante, p. 80),, that a specification that the judgment should have been for the appellant instead of the respondent, was not admissible under section 371 of the Code.*

*This court has also decided, in Putnam agt. Heath (44 How., 262), that a specification in the notice of appeal that the judgment should have been more favorable in two sums of different amounts, was not a compliance with that section.*

*Fourth Judicial Department.*

*Argued at Syracuse, November, 1871.*

*Decided at Buffalo General Term, January, 1872.*

*Before Mullin, P. J., Johnson and Talcott, JJ.*

By the court, Mullin, P. J.—The plaintiffs recovered judgment before the justice for $169 25 damages and $8 05 costs.

The defendant appealed to the county court and in his notice of appeal alleged that judgment should have been more favorable to him in the following respects:

*1st.* It should have been in his favor, and against the plaintiffs, for $200.

2*d.* It should have been in his favor, and against the plaintiffs, for damages and costs.

3*d.* It should have been for a less sum, to wit, for only $50 against appellant.

4*th.* It should have been for a less sum, to wit, for only $75.

We have held at the present term in the cases of *Moran* agt. *McClearns,* and in *Colvert* agt. *Hall,* that a specification that the judgment should have been for the appellant, instead of the respondent, was not admissible under section 371 of the Code; that section contemplated a modification only, not a reversal of the judgment.

We held, in *Putnam* agt. *Heath* (41 *How.,* 262), that a specification, in the notice of appeal, that the judgment should have been more favorable in two sums, of different amounts, was not a compliance with section 371; that the appellant was bound to state the precise sum to which the judgment should be reduced, and if he did not, the respondent was not bound to make an offer to modify it.

After the appeal to the county court, the issues were referred for trial to a referee, who ordered judgment in favor of the plaintiff, for $155 27 damages, or $13 98 less than the recovery before the justice.

The appellant has, in no respect, complied with the provisions of the Code in order to entitle himself to costs. The plaintiff having recovered is entitled to costs, unless the appellant has established his right thereto.

The special term having awarded costs to the appellant, and directed their insertion in the record, the order must be reversed with $10 costs, and an order must be entered awarding costs to the plaintiff, and their insertion in the record.